**Petition of UNION OIL COMPANY OF CALIFORNIA for an Order Setting Aside Civil Investigative Demand No. 0179.**

Civ. No. 63–1026–S.

United States District Court
S. D. California,
Central Division.
Dec. 18, 1963.

L. A. Gibbons, Los Angeles, Cal., Moses Lasky, Richard Haas, Brobeck, Phleger

& Harrison, San Francisco, Cal., for petitioner.

Stanley E. Disney, Chief, Los Angeles Office, Department of Justice, Los Angeles, Cal., George R. Kucik, Antitrust Division, Department of Justice, Washington, D. C., for the United States.

STEPHENS, District Judge.

On or about August 19, 1963, by certified air mail, the Assistant Attorney General in charge of the Antitrust Section of the Department of Justice served Civil Investigative Demand No. 0179 on the Union Oil Company of California pursuant to authority conferred upon him in 15 U.S.C. § 1312. The demand was signed by William H. Orrick, Jr., Assistant Attorney General and was accompanied by a transmittal letter from Mr. Orrick by Lewis Bernstein, Chief, Special Litigation Section. On August 27, 1963, the Union Oil Company filed its petition for an order setting aside the civil investigative demand. This Court has jurisdiction by virtue of 15 U.S.C. § 1314(b).

Section 1312 of Title 15, U.S.C. authorizes the civil investigative demand to be served on " * * * any person under investigation who may be in possession, custody, or control of any documentary material relevant to a civil antitrust investigation, * * *." Two terms referred to in Section 1312 are defined in 15 U.S.C. § 1311(c) and (d), as follows:

"(c) The term 'antitrust investigation' means any inquiry conducted by any antitrust investigator for the purpose of ascertaining whether any person is or has been engaged in any antitrust violation;

"(d) The term 'antitrust violation' means any act or omission in violation of any antitrust law or any antitrust order; * * *."

Among other things, the investigative demand must "state the nature of the conduct constituting the alleged antitrust violation which is under investigation and the provision of law applicable thereto; * * *." (15 U.S.C. § 1312.)

Petitioner Union Oil Company claims that it is not a person under investigation. While the civil investigative demand does not clearly state, which it could easily do, that the Union Oil Company of California is under investigation, when the demand is read in conjunction with the schedule of documents which is a part of the demand, it may be fairly inferred that petitioner is a person under investigation.

Petitioner next contends that no valid antitrust investigation is being conducted in that it appears on the face of the demand that the investigation is not designed to ascertain whether the person under investigation *is or has been* engaged in any antitrust violation, but on the contrary, is designed to investigate what petroleum companies may do in the future. Responsive to the requirements of 15 U.S.C. § 1312(b) (1), quoted above, the nature of the conduct constituting the alleged antitrust violation which is under investigation and the provision of law applicable thereto, the demand reads as follows:

"This civil investigative demand is issued pursuant to the provisions of the Antitrust Civil Process Act, 76 Stat. 548–552, Title 15 United States Code Sec. 1311–1314, in the course of an inquiry for the purpose of ascertaining whether there is or has been a violation of the provisions of Title 15 United States Code Sec. 18 by conduct of the following nature: The proposed acquisitions of fertilizer companies by petroleum companies."

An inquiry for the purpose of ascertaining whether there is or has been a violation of the provisions of Title 15 United States Code, Section 18 is appropriate, but when the conduct supposedly violating that section is described as "The proposed acquisitions of fertilizer companies by petroleum companies," there exists a contradiction of terms. A proposed acquisition is not and quite obviously has not been a violation of the provisions of 15 U.S.C. § 18. The fact that the investigation concerns prospec-

tive acquisitions is reinforced by the contents of the transmittal letter, in which the petitioner is advised, "The Department of Justice is investigating proposed acquisitions by petroleum companies of fertilizer companies."

 The Government argues in support of the validity of the demand that 15 U.S.C. § 25 is an antitrust law and the term "antitrust violation" by definition means "any act or omission in violation of any antitrust law." That section invests District Courts of the United States with jurisdiction to prevent and restrain violations of the Act and provides that it shall be the duty of the United States Attorneys under the direction of the Attorney General to institute proceedings in equity to prevent and restrain such violations. Under this section, mergers which, if effected, would constitute antitrust violations may be enjoined. For a case in point, see United States v. Philadelphia National Bank, 374 U.S. 321, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963) wherein the Supreme Court holds that the merger of appellees is forbidden by Section 7 of the Clayton Act and so must be enjoined. Section 7 of the Clayton Act is 15 U.S.C. § 18. It is literally impossible for any person under investigation to violate 15 U.S.C. § 25.

Since it appears on the face of the investigative demand and in the letter of transmittal and also from the Government's argument in support of the investigative demand with its reliance on 15 U.S.C. § 25, that the investigation is in fact not whether there is or has been a violation of the provisions of 15 U.S.C. § 18, but an investigation of proposed acquisitions which if consummated might violate that section, the petition requesting an order that civil investigative demand No. 0179 is void and that it be set aside, should be granted.

An investigative order issued in aid of an investigation to determine whether there is or has been a violation of any other antitrust laws (15 U.S.C. § 1, for example) by conduct of the nature of proposed acquisitions of fertilizer companies by petroleum companies is not before the Court. The ruling in this matter is limited to one proposition, namely, that the civil investigative demand served in this case is invalid.

Petitioner overstates its position when it claims that no valid antitrust investigation is being conducted. The Court has not the slightest doubt but that the Attorney General and the several United States Attorneys may validly pursue antitrust investigations designed to ascertain whether the proposed acquisitions of fertilizer companies by petroleum companies violate 15 U.S.C. § 18. It is doubtlessly their duty to do so in order to determine what action should be taken pursuant to 15 U.S.C. § 25.

For the reasons appearing above,

It is hereby ordered that Civil Investigative Demand No. 0179 be and the same is hereby set aside and annulled.